**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**VALDOSTA DIVISION**

| | | |
|---|---|---|
| RECCENTA HARRIS, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CASE NO. 7:14-CV-69-HL-TQL |
| | : | 42 U.S.C. § 1983 |
| HAROLD McCRAY, JR., *et al.*, | : | |
| | : | |
| Defendants. | : | |
| _____ | | |

## ORDER AND RECOMMENDATION

*Pro se* Plaintiff Reccenta Harris, who is currently incarcerated at the Valdosta State Prison in Valdosta, Georgia, filed a *pro se* civil rights complaint under 42 U.S.C. § 1983. (Doc. 1.) Plaintiff also seeks leave to proceed without prepayment of the $350.00 filing fee or security therefor pursuant to 28 U.S.C. § 1915(a). Based on his submissions, the undersigned finds that Plaintiff is currently unable to pre-pay the entire filing fee. Plaintiff's Motion to Proceed *in forma pauperis* (Doc. 2) is thus **GRANTED**.

This does not mean that the filing fee is waived. Plaintiff is still required to eventually pay the full amount of the $350.00 filing fee  using the payment plan described in 28 U.S.C. § 1915(b). The filing fee is not refundable, regardless of the outcome of Plaintiff's case, and Plaintiff is responsible for paying the entire filing fee even if his lawsuit is dismissed prior to service.

Plaintiff's Complaint is now before the court for preliminary review.

**DISCUSSION**

## I.   STANDARD OF REVIEW

Because Plaintiff is a prisoner "seeking redress from a governmental entity or [an] officer or employee of a governmental entity," this Court is required to conduct a preliminary screening of his Complaint.  *See* 28 U.S.C. § 1915A(a).  In so doing, the district court must accept all factual allegations in the Complaint as true.  *Brown v. Johnson*, 387 F.3d 1344, 1347 (11th Cir. 2004).  *Pro se* pleadings, like the one in this case, are also "held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed."  *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998).  Even so, a district court must dismiss a prisoner complaint after the initial review if: (1) it is "frivolous, malicious, or fails to state a claim upon which relief may be granted"; or (2) it "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); *see also* 28 U.S.C. § 1915(e)(2)(B) (requiring the same of pleadings filed by parties proceeding *in forma pauperis*).

A claim is frivolous when it appears from the face of the complaint that the factual allegations are "clearly baseless" or that the legal theories are "indisputably meritless." *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993).  A complaint is thus properly dismissed by the district court *sua sponte* if it is found to be "without arguable merit either in law or fact."  *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001).

When determining whether a complaint fails to state a claim, the Court must accept as true all facts set forth in the Plaintiff's complaint and limit its consideration to the pleadings and exhibits attached thereto.  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544,

2

556 (2007); *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 959 (11th Cir. 2009); *see also Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2008) ("The standards governing dismissal under Rule 12(b)(6) apply to § 1915(e)(2)(b)(ii)."). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). The complaint must include sufficient factual allegations "to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. "[A] formulaic recitation of the elements of a cause of action will not do." *Id.* Although the complaint must contain factual allegations that "raise a reasonable expectation that discovery will reveal evidence of" the plaintiff's claims, *id.* at 556, a complaint should not be dismissed "simply because 'it strikes a savvy judge that actual proof of those facts is improbable,'" *Watts v. Fla. Int'l Univ.,* 495 F.3d 1289, 1295 (11th Cir. 2007) (quoting *Twombly,* 550 U.S. at 556).

To state a claim for relief under § 1983, a plaintiff must allege that: (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color of state law. *Hale v. Tallapoosa Cnty.*, 50 F.3d 1579, 1581 (11th Cir. 1995). If a litigant cannot satisfy these requirements, or fails to provide factual allegations in support of his claim or claims, the complaint is subject to dismissal. *See Chappell v. Rich*, 340 F.3d 1279, 1282-84 (11th Cir. 2003) (affirming court's dismissal of a § 1983 complaint because the factual allegations were insufficient to support alleged constitutional violation); s*ee also* 28 U.S.C. § 1915A(b) (dictating that a complaint, or

3

any portion thereof, that does not pass the standard in § 1915A "shall" be dismissed on preliminary review).

## II.   STATEMENT OF CLAIMS

In his Complaint, Plaintiff sues Valdosta State Prison employees Warden Marty Allen, Officer Harold McCray, Jr., Sergeant Dewayne Hollis, and Nurse Saleska. (Compl. p. 1; Doc. 1.)   Plaintiff contends that on March 15, 2013, Officer McCray violated his Eighth Amendment rights by "excessive use of force and Guard brutality." (Compl. p. 4.)   Plaintiff contends his face was slammed against a steel window pane while his hands were cuffed behind his back.   Officer Morrison, who is not named as a defendant in this action but witnessed the events, then took Plaintiff to his cell without seeking medical attention for Plaintiff even after Plaintiff had been placed in a strip cell for hours in iron shackles.   Plaintiff then complained to Nurse Dowdy, who is also not named as a defendant in this case, and Sgt. Hollis about a lack of movement in his jaw. Plaintiff states that he was refused medical attention by Nurse Dowdy and Sgt. Hollis who told him that nothing was wrong with him. (*Id.*)

Plaintiff then contacted his family, who spoke with Anthony Terrell, and Plaintiff was taken to "medical" by Officer Howell.   Plaintiff was asked by Nurse Saleska to open his mouth, but Plaintiff could not.   Nurse Saleska told Plaintiff that "nothing was wrong" but allowed him to see a dentist, wherein the dentist found that Plaintiff's mouth "just was sore."   Plaintiff's family thereafter visited Plaintiff, and after seeing him, contacted the Commissioner "who had this institution take [him] to Augusta Medical Prison." There, Plaintiff alleges it was determined that he needed surgery due to a shattered right

cheek bone. (*Id.*)

Plaintiff sues all of the Defendants in their individual capacities, seeking $150,000 in compensatory damages, $1.00 in nominal damages, and $50,000 in punitive damages. Plaintiff also sues all of the Defendants in their official capacities "for injunction from retaliation." (Compl. p. 4.)

## III. ANALYSIS

### A. Injunctive Relief

To the extent that Plaintiff seeks injunctive relief to keep the Defendants from retaliating against him during the pendency of his case, Plaintiff's request for injunctive relief should be dismissed. The Eleventh Circuit has held that the four factors to be considered in determining whether preliminary injunctive relief is to be granted are whether the movant has established: (1) a substantial likelihood of success on the merits; (2) that irreparable injury *will* be suffered if the relief is not granted; (3) that the threatened injury outweighs the harm the relief would inflict on the non-movant; and (4) that entry of the relief would serve the public interest. *Ingram v. Ault*, 50 F. 3d 898, 900 (11th Cir. 1995) (emphasis added).

At this stage in the litigation, Plaintiff has not shown a "substantial likelihood of success on the merits," which is, of course, a greater showing than that needed to survive a frivolity review. Plaintiff's motion likewise fails to show that 'irreparable injury' *will* be suffered unless the injunction issues. "Although the irreparable-injury requirement cannot be met absent a real or immediate threat that the plaintiff will be wronged again, it is also well-established that injunctive relief is appropriate 'to prevent a substantial risk

5

of serious injury from ripening into actual harm.'" *Thomas v. Bryant*, 614 F. 3d 1288, 1318 (11th Cir. 2010) (internal citations and quotations omitted).  For these reasons and in light of the deference that the federal courts must afford state prison officials in their administration of their prisons, *see generally, Preiser v. Rodriquez*, 411 U.S. 475, 491- 92 (1973), it is **RECOMMENDED** that Plaintiff's claim for injunctive relief be **DISMISSED**.  Plaintiff may serve and file written objections to the undersigned's recommendation with the district judge to whom this case is assigned within fourteen (14) days after being served a copy of this **Order and Recommendation**.  *See* 28 U.S.C. § 636(b)(1).

### B.    Supervisory Liability

Plaintiff's Complaint fails to allege any specific harms arising from the actions of Warden Marty Allen.  It is apparent from Plaintiff's allegations that Warden Allen is named solely because of his supervisory position.  "While we do not require technical niceties in pleading, we must demand that the complaint state with some minimal particularity how *overt acts* of the defendant caused a legal wrong."  *Douglas v. Yates*, 535 F.3d 1316, 1322 (11th Cir. 2008) (citation omitted) (emphasis added).  Defendant Allen cannot be liable solely by virtue of his supervisory position.  *Hartley v. Parnell*, 193 F.3d 1263, 1269 (11th Cir.1999).  To state a claim against a supervisory official, Plaintiff must allege that the supervisor "personally participate[d] in the alleged unconstitutional conduct or . . .  there is a causal connection between the actions of [the] supervising official and the alleged constitutional deprivation." *Cottone v. Jenne*, 326 F. 3d 1352, 1360 (11th Cir. 2003).  Plaintiff's Complaint fails to connect Warden Allen to

6

any of the acts in question, and wholly fails to state how Warden Allen personally participated in the acts in question.  Therefore, it is **RECOMMENDED** that Plaintiff's claims against Warden Allen be **DISMISSED**.  Plaintiff may serve and file written objections to the undersigned's recommendation with the district judge to whom this case is assigned within fourteen (14) days after being served a copy of this **Order and Recommendation**.  *See* 28 U.S.C. § 636(b)(1).

### C.   Eighth Amendment Claims

#### i.   Inadequate Medical Care

To state an Eighth Amendment claim for inadequate medical care, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to a serious medical need.  *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).   Liberally construing Plaintiff's Complaint, it is found that Plaintiff has alleged a colorable claim for the denial of adequate medical care.  As such, this claim survives preliminary review.

#### ii.   Excessive Force

Whether an Eighth Amendment constitutional violation occurred "ultimately turns on whether force was applied in a good faith effort to maintain or restore discipline[,] or [whether force was applied] maliciously and sadistically for the very purpose of causing harm."  *Hudson v. McMillian*, 503 U.S. 1, 6 (1992) (internal quotation marks and citation omitted).  Again, liberally construing the facts in the light most favorable to the Plaintiff, it is found that Plaintiff has alleged a colorable Eighth Amendment claim of excessive force.  Thus, this claim will be allowed to proceed.

### ORDER FOR SERVICE

It is hereby **ORDERED** that service be made on Defendants McCray, Hollis, and Saleska. The Defendants shall file an Answer or such other response as may be appropriate under Rule 12 of the Federal Rules of Civil Procedure, 28 U.S.C. § 1915, and the Prison Litigation Reform Act. Defendants are reminded of the duty to avoid unnecessary service expenses, and of the possible imposition of expenses for failure to waive service pursuant to Rule 4(d).

## DUTY TO ADVISE OF ADDRESS CHANGE

During the pendency of this action, all parties shall, at all times, keep the clerk of this court and all opposing attorneys and/or parties advised of their current address. Failure to promptly advise the Clerk of any change of address may result in the dismissal of a party's pleadings filed herein.

## DUTY TO PROSECUTE ACTION

Plaintiff is advised that he must diligently prosecute his complaint or face the possibility that it will be dismissed under Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute. Defendants are advised that they are expected to diligently defend all allegations made against them and to file timely dispositive motions as hereinafter directed. This matter will be set down for trial when the Court determines that discovery has been completed and that all motions have been disposed of or the time for filing dispositive motions has passed.

## FILING AND SERVICE OF MOTIONS,
## PLEADINGS, DISCOVERY AND CORRESPONDENCE

It is the responsibility of each party to file original motions, pleadings, and

correspondence with the Clerk of Court.  A party need not serve the opposing party by mail if the opposing party is represented by counsel.  In such cases, any motions, pleadings, or correspondence shall be served electronically at the time of filing with the Court. If any party is not represented by counsel, however, it is the responsibility of each opposing party to serve copies of all motions, pleadings, and correspondence upon the unrepresented party and to attach to said original motions, pleadings, and correspondence filed with the Clerk of Court a <u>certificate of service</u> indicating who has been served and where (i.e., at what address), when service was made, and how service was accomplished (i.e., by U.S. Mail, by personal service, etc.).

## <u>DISCOVERY</u>

Plaintiff shall not commence discovery until an answer or dispositive motion has been filed on behalf of the Defendants from whom discovery is sought by the Plaintiff. The Defendants shall not commence discovery until such time as an answer or dispositive motion has been filed.  Once an answer or dispositive motion has been filed, the parties are authorized to seek discovery from one another as provided in the Federal Rules of Civil Procedure.  The deposition of the Plaintiff, a state/county prisoner, may be taken at any time during the time period hereinafter set out provided prior arrangements are made with his custodian.  **Plaintiff is hereby advised that failure to submit to a deposition may result in the dismissal of his lawsuit under Rule 37 of the Federal Rules of Civil Procedure.**

IT IS HEREBY ORDERED that discovery (including depositions and interrogatories) shall be completed within 90 days of the date of filing of an answer or

dispositive motion by the Defendants (whichever comes first) unless an extension is otherwise granted by the court upon a showing of good cause therefor or a protective order is sought by the defendants and granted by the court.  This 90-day period shall run separately as to Plaintiff and Defendants beginning on the date of filing of Defendants' answer or dispositive motion (whichever comes first). The scheduling of a trial may be advanced upon notification from the parties that no further discovery is contemplated or that discovery has been completed prior to the deadline.

Discovery materials shall <u>not</u> be filed with the Clerk of Court.  No party shall be required to respond to any discovery not directed to him/her or served upon him/her by the opposing counsel/party.  The undersigned incorporates herein those parts of the **Local Rules** imposing the following limitations on discovery:  <u>except with written permission of the court first obtained</u>, **interrogatories** may not exceed TWENTY-FIVE (25) to each party, **requests for production of documents and things** under Rule 34 of the Federal Rules of Civil Procedure may not exceed TEN (10) requests to each party, and **requests for admissions** under Rule 36 of the Federal Rules of Civil Procedure may not exceed FIFTEEN (15) requests to each party.  No party shall be required to respond to any such requests which exceed these limitations.

### <u>REQUESTS FOR DISMISSAL AND/OR JUDGMENT</u>

The Court shall not consider requests for dismissal of or judgment in this action, absent the filing of a motion therefor accompanied by a brief/memorandum of law citing supporting authorities.  Dispositive motions should be filed at the earliest time possible, but in any event no later than thirty (30) days after the close of discovery unless

10

otherwise directed by the court.

## DIRECTIONS TO CUSTODIAN OF PLAINTIFF

In accordance with the Prison Litigation Reform Act, Plaintiff's custodian is hereby directed to remit to the Clerk of this Court each month twenty percent (20%) of the preceding month's income credited to Plaintiff's inmate account until the $350.00 filing fee has been paid in full, provided the amount in the account exceeds $10.00. Transfers from Plaintiff's account shall continue until the entire filing fee has been collected, notwithstanding the earlier dismissal of Plaintiff's lawsuit.

## PLAINTIFF'S OBLIGATION TO PAY FILING FEE

If Plaintiff is hereafter released from custody, he shall remain obligated to pay any remaining balance due of the above filing fee; Plaintiff shall continue to remit monthly payments as required by the Prison Litigation Reform Act. Collection from Plaintiff of any balance due by any means permitted by law is hereby authorized in the event Plaintiff fails to remit payments.

SO ORDERED and RECOMMENDED, this 7th day of July, 2014.


s/**THOMAS Q. LANGSTAFF**
UNITED STATES MAGISTRATE JUDGE


lws