# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# VALDOSTA DIVISION

**RECCENTA HARRIS,**

    Plaintiff,

v.

**OFFICER HAROLD MCCRAY, JR.,**

    Defendant.

Civil Action No. 7:14-CV-69-HL-TQL

## ORDER

Before the Court is Plaintiff's Motion for Summary Judgment (Doc. 80). For the reasons stated below, Plaintiff's motion is **DENIED**.

### I.    SUMMARY JUDGMENT STANDARD

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:

(A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or

> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1). All facts and reasonable inferences drawn therefrom must be viewed in the light most favorable to the nonmoving party. Crux v. Publix Super Markets, 428 F.3d 1379, 1382 (11th Cir. 2005).

The party seeking summary judgment bears the initial burden of demonstrating the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). To satisfy this burden, the movant must show the court that there is an absence of evidence to support the nonmoving party's case. Id. at 325. Where the moving party makes such a showing, the burden shifts to the non-movant, who must go beyond the pleadings, and present affirmative evidence to show that a genuine issue of material fact does exist. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 257 (1986).

"If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . grant summary judgment if the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to it." Fed. R. Civ. P. 56(e)(3). "The mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." Scott v. Harris, 550 U.S. 372, 380 (2007) (quoting Anderson, 477 U.S. at 247–48 (emphasis in original)).

## II.   FACTUAL BACKGROUND

Plaintiff alleges that on March 15, 2013, Defendant Harold McCray, Jr. ("McCray") slammed Plaintiff's face against a steel window pane, while his hands were cuffed behind his back. (Complaint, Doc. 1, p. 4). Plaintiff claims that McCray's actions constitute an excessive use of force, in violation of his rights under the Eighth Amendment to the United States Constitution. (Complaint, Doc. 1, p. 4). In his Answer, McCray admits that Plaintiff was placed against the wall, but denies that Plaintiff was "slammed" against the wall, denies that he violated Plaintiff's rights under the Eighth Amendment, and denies that he used excessive force. (McCray's Answer to Plaintiff's Complaint, Doc. 51, p. 5).

## III.   LEGAL ANALYSIS

Defendant filed a Response to Plaintiff's Motion for Summary Judgment, in which he argues that Plaintiff's motion should be denied. (Doc. 81). Defendant explains that Plaintiff did not abide by the requirements of the Federal Rules of Civil Procedure or Local Rule 56.

Defendant is correct that Plaintiff did not follow the procedure outlined in Local Rule 56, as he failed to "attach to the motion a separate and concise statement of the material facts to which the movant contends there is no genuine dispute to be tried." Furthermore, when viewing the facts in the light most favorable to Defendant, Plaintiff has not shown that there is an absence of a genuine dispute as to any material fact with regard to Defendant's alleged excessive use of force.

The core judicial inquiry in an Eighth Amendment excessive force case is "not whether a certain quantum of injury was sustained, but rather whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Wilkins v. Gaddy, 559 U.S. 34, 37 (2010) (internal quotation marks omitted).  Courts must consider the following factors in determining whether the force was applied maliciously and sadistically to cause harm: "a) the need for the application of force; b) the relationship between the need and the amount of force that was used; c) the extent of the injury inflicted upon the prisoner; d) the extent of the threat to the safety of staff and inmates; and e) any efforts made to temper the severity of a forceful response." Fennell v. Gilstrap, 559 F.3d 1212, 1217 (11th Cir. 2009).

The record shows that Plaintiff and Defendant dispute what transpired during the event in question, offering differing narratives of the March 15, 2013 incident.  This case presents "two competing contradictory stories of what happened," and the Court cannot "improperly weigh[ ] the witnesses' credibility by favoring [the plaintiff's] account over [the defendant's]." Hall v. Bennett, 447 F. App'x 921, 924 (11th Cir. 2011).  This presents a credibility determination for the trier of fact.

## IV.    CONCLUSION

Accordingly, Plaintiff's Motion for Summary Judgment (Doc. 80) is **DENIED**.

4

**SO ORDERED**, this the 1st day of June, 2016.

*/s/ Hugh Lawson*
**HUGH LAWSON, SENIOR JUDGE**

les